UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.: 13 CV 4231

JUDGE KARAS

| | |
|---|---|
| AMER HATTAR, **Plaintiff,** v. EQUIFAX INFORMATION SERVICES, LLC, **Defendant.** | **COMPLAINT** **JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant EQUIFAX INFORMATION SERVICES, LLC, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C §1681 *et seq.* and for the common law tort of defamation.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C § 1681(p) and 28 U.S.C 1367.

3. The Plaintiff is a natural person and resident of the State of New York. He is a "consumer" as defined by 15 U.S.C § 1681 a(c).

## ALLEGATIONS AS TO PARTIES

4. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a limited liability company formed under the laws of the State of Georgia and authorized to do business in the State of New York through its registered offices at the Corporation Service Company, 80 State Street, Albany, New York, 12207.

5. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

8. Upon information and belief, Plaintiff has never maintained and account with Citibank which bears the account number XXXXX812 and which has been past due.

9. On or about November 1, 2011 an account was reported to Equifax representing that Plaintiff owed money to Citibank for an account number XXXXX812 which was past due.

10. This account was not opened by Plaintiff, nor was Plaintiff an authorized user on this account. This was an account which was opened by Plaintiff's brother.

11. On or about February 6, 2013, Plaintiff sent or caused to be sent, correspondence to Equifax, requesting that they verify and correct the erroneous representations on his credit file.

12. Equifax failed to respond to Plaintiff's dispute letter.

13. Equifax also failed to reinvestigate the facts and circumstances surrounding Plaintiff's disputes.

14. Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the judgment representation.

15. In the alternative to the allegation that Equifax failed to contact the alleged creditors and/or creditors' attorneys, it is alleged that Equifax did not forward some notice of the dispute to the creditors and/or creditors' attorneys.

16. Equifax failed to conduct a reasonable investigation by failing to analyze additional culminate additional information that would have confirmed Plaintiff's disputes.

17. As a result of Equifax's willful actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products.

18. As a result of Equifax's negligent actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

19. The Plaintiff realleges and incorporates ¶¶1-18 above as if fully set out herein.

20. Equifax willfully violated 15 U.S.C § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

21. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

22. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

23. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

24. The Plaintiff realleges and incorporates ¶¶1-23 above as if fully set out herein.

25. Equifax willfully violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

26. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

27. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

28. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## THIRD CLAIM FOR RELIEF AGAINST EQUIFAX

29. The Plaintiff realleges and incorporates ¶¶1-28 above as if fully set out herein.

30. Equifax violated 15 U.S.C § 1681e(b) by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

31. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

32. Equifax's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

33. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C §1681o.

## **FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX**

34. The Plaintiff realleges and incorporates ¶¶1-33 above as if fully set out herein.

35. Equifax violated 15 U.S.C § 1681i on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

36. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

37. Equifax's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## EQUIFAX VIOLATED THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK
## FIFTH CLAIM FOR RELIEF AGAINST EQUIFAX

38. The Plaintiff realleges and incorporates ¶¶1-37 above as if fully set out herein.

39. Equifax willfully violated NY GBS Law § 380-f by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

40. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

41. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to NY GBS Law § 380-l.

42. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to NY GBS Law § 380-l.

## SIXTH CLAIM FOR RELIEF AGAINST EQUIFAX

43. The Plaintiff realleges and incorporates ¶¶1-42 above as if fully set out herein.

44. Equifax willfully violated NY GBS § 380-f on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information

in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

45. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

46. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to NY GBS Law § 380-l.

47. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## SEVENTH CLAIM FOR RELIEF AGAINST EQUIFAX

48. The Plaintiff realleges and incorporates ¶¶1-47 above as if fully set out herein.

49. Equifax violated NY GBS Law § 380-f by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

50. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

51. Equifax's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to NY GBS Law § 380-m.

52. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to NY GBS § 380-m.

## EIGHTH CLAIM FOR RELIEF AGAINST EQUIFAX

53. The Plaintiff realleges and incorporates ¶¶1-52 above as if fully set out herein.

54. Equifax violated NY GBS Law § 380-f on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

55. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

56. Equifax's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to NY GBS Law § 380-m. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to NY GBS Law § 380-m.

## PRAYER FOR RELIEF

Plaintiff, Amer Hattar prays that this Court:

1. Declare that Defendant violated the FCRA;

2. Declare that Defendant violated the General Obligations Law of the State of New York.

3. Enter judgment in favor of Plaintiff Hattar and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

4. Enter judgment in favor of Plaintiff Hattar and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the General Obligations Law of the State of New York ;

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amer Hattar, demands trial by jury.

Dated: June 18, 2013

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**
Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**